UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLYDE MEANS,<br><br>                     Petitioner,<br>v.<br><br>ROBERT LEGRAND, et al.,<br><br>                     Respondents. | Case No. 3:13-cv-0224-MMD-WGC<br><br>ORDER |

    Before the Court is petitioner's motion to reconsider this Court's dismissal of his habeas action. Dkt. no. 5. Petitioner also provides an application to proceed in *forma pauperis*. Dkt. no. 6.

    Rule 60(b)(6) affords courts the discretion and power "to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir.2009). Relief under Rule 60(b)(6) requires the moving party to make a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S.Ct. 2641 (2005). "Such circumstances will rarely occur in the habeas context," and Rule 60(b) proceedings are subject to only limited and deferential appellate review." *Id.*

    The matter was dismissed without prejudice because it did not appear that petitioner had paid the filing fee or submitted a completed application to proceed in *forma pauperis*. Rather than file a new action, petitioner moves the Court to reconsider the dismissal. Based on the representations made by petitioner, a closer review of the

documents submitted reveals that petitioner did submit an application. However, it did not include the required record of his accounts and the financial certificate was not the proper form. See Dkt no. 1-3. The second application is also incomplete, missing similar components.

IT IS THEREFORE ORDERED that the motion for reconsideration (dkt. no. 5) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall send petitioner a copy of the petition and other documents submitted with the petition. The Clerk shall also send petitioner a form and instructions for filing an application to proceed in *forma pauperis* in this federal court.

DATED this 3rd day of September 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE